UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 06-CV-5893 (JFB)

---

DENNIS HARRIS,

Petitioner,

VERSUS

N.Y.S. DIVISION OF PAROLE,

Respondent.

---

MEMORANDUM AND ORDER
July 5, 2007

---

JOSEPH F. BIANCO, District Judge:

Dennis Harris (hereinafter "Harris" or "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in County Court of the State of New York, Suffolk County. Petitioner pled guilty to criminal contempt in the first degree on September 14, 2006, and was sentenced to an indeterminate sentence of one and one-half to three years.

Petitioner challenges his conviction on the following grounds: (1) the prosecution violated his Fifth Amendment protection against being subject to double jeopardy by reinstating a felony charge of criminal contempt against the petitioner, after previously converting the charge to a misdemeanor; (2) the prosecution violated his Due Process rights by improperly joining charges against petitioner into a single indictment in violation of New York State Criminal Procedure law § 200.20; and (3) the prosecution denied petitioner his Sixth Amendment right to a speedy trial by delaying his prosecution for eighteen months and failing to produce his spouse as a witness in a timely manner.

Respondent moves to dismiss the petition for failure to exhaust state remedies or, in the alternative, to dismiss petitioner's claims on the merits as frivolous.

For the reasons stated below, petitioner's request for a writ of habeas corpus is dismissed without prejudice because of his

failure to exhaust any of the claims raised in his petition because his direct appeal is still pending before the Appellate Division, Second Department.[1]

I. BACKGROUND

A. The Facts

The following facts are adduced from the instant petition and underlying record.

On September 14, 2006, petitioner pled guilty to one count of Criminal Contempt in the First Degree in New York State Supreme Court, Suffolk County. (Tr. of Sept. 14, 2006 Plea Proceedings (hereinafter, "P. Tr.").) Petitioner's guilty plea was offered in satisfaction of an indictment charging petitioner with four counts of Criminal Contempt in the First Degree, a felony, and four counts of Criminal Contempt in the Second Degree, a misdemeanor (hereinafter, "the Indictment"). On October 12, 2006, the court sentenced petitioner to an indeterminate period of one and one-half to three years incarceration. (Tr. of Oct. 12, 2006 Sentencing Proceedings (hereinafter, "S. Tr.").) Furthermore, the court directed petitioner to enroll in an in-custody drug treatment program conducted by the New York State Department of Corrections. (*Id.*)

The Indictment stemmed from petitioner's conduct during March 2005 and July 2005. During this time, petitioner violated several orders of protection that related to Robin Harris ("Robin"), petitioner's estranged wife. Petitioner was initially charged, by felony complaint, with three felony charges of Criminal Contempt in the First Degree. (Petitioner's Affirmation (hereinafter "PA"); Tr. of July 19, 2005 Proceedings (hereinafter, "Tr. July 19").) However, on July 19, 2005, the prosecution dismissed the felony complaints and "knocked down" the charges – that is, superceded the felony complaints with three informations charging misdemeanor Criminal Contempt in the First Degree. (*Id.*) Also on July 19, 2005, the court signed an additional order of protection directing petitioner to "stay away" from his estranged wife. (*Id.*)

A few days later, on July 22, 2005, petitioner was arrested again for a violation of the order of protection entered on July 19, 2005. (PA at 2.) Subsequently, the prosecution presented the three "knocked down" misdemeanor charges to the grand jury, as well as five additional charges: one count of Criminal Contempt in the Second Degree, and four counts of Criminal Contempt in the First Degree. (PA at 36, 42.) As noted above, on September 14, 2006, petitioner pled guilty to one count of Criminal Contempt in the First Degree in satisfaction of the Indictment.

---

[1] As an initial matter, the Court notes that, while the petitioner has named the New York State Division of Parole as the respondent in this case, the Suffolk County District Attorney's Office has appeared in this action and submitted a response to the instant petition. According to respondent, the Suffolk County District Attorney has responded, rather than the New York State Office of the Attorney General – which usually represents the Division of Parole – because (1) at the time the instant petition was filed, petitioner was in custody at a drug treatment center and, therefore, under the supervision of the New York State Department of Corrections rather than the Division of Parole; and (2) petitioner does not raise any issues related to his parole, but rather contests the validity of his conviction in state court. (*See* Resp.'s Aff. ¶ 4.)

On October 12, 2006, the Court sentenced petitioner to one and one-half to three years incarceration, and ordered the petitioner to enroll in the Willard Drug Treatment Program. (S. Tr. at 29.) On October 25, 2006, petitioner filed a *pro se* motion for leave to prosecute his direct appeal as a poor person and for the assignment of counsel with the Appellate Division, Second Department. (Resp. Aff. ¶ 11.) On January 23, 2007, the Appellate Division denied petitioner's motion with leave to renew the application upon filing "proper papers." *People v. Harris*, 2007 N.Y. Slip Op. 61704 (N.Y. App. Div. Jan. 23, 2007). On March 16, 2007, the Appellate Division granted petitioner's motion, assigned appellate counsel to represent petitioner, and enlarged petitioner's time to perfect his direct appeal. *People v. Harris*, 2007 N.Y. Slip Op. 65370 (N.Y. App. Div. March 16, 2007). Petitioner's direct appeal is still pending before the Appellate Division.

Petitioner filed the instant *pro se* petition for habeas corpus relief on January 5, 2007, even though his direct appeal before the Appellate Division has not yet been decided.

## II. DISCUSSION

Respondent argues that the instant petition should be dismissed without prejudice because petitioner failed to exhaust any of these claims in state court. For the reasons set forth below, the Court agrees and dismisses the instant petition without prejudice.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal habeas petition must be dismissed if the petitioner has failed to exhaust all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). "This exhaustion requirement is grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("This [statutory] scheme reinforces the importance of [the] "simple and clear instruction to potential litigants [enunciated in *Rose v. Lundy*, 455 U.S. 509, 520]: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) ("By requiring exhaustion, federal courts recognize that state courts, 'no less than federal courts, are bound to safeguard the federal rights of state criminal defendants.'") (quoting *Daye v. Att'y General of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)). Therefore, pursuant to the exhaustion requirement, a petitioner must provide the state courts with an opportunity to consider fully each of his habeas claims; that is, "state review ends when the state courts have finally resolved an application for state postconviction relief." *Roper v. Weaver*, 127 S. Ct. 2022, 2023-24 (2007) (quoting *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007)); *see Jones*, 329 F.3d at 294-95 ("Exhaustion requires a petitioner fairly to present the federal claim in state court.") (citing *Strogov v. Att'y General of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999)).

3

In this case, petitioner has failed to exhaust his direct appeal before the Appellate Division and, it follows, has yet to seek permission to appeal his conviction to the New York Court of Appeals. Thus, the State's highest court has never had the opportunity to review petitioner's claims – a necessary precedent to review of petitioner's federal habeas petition. Petitioner seeks to evade this requirement by arguing that his "direct appeal will be ineffective since he has already served nearly half his sentence and will be paroled within a few months." (Pet. at 6.) Yet, notwithstanding petitioner's unhappiness with the pace of the state proceedings, petitioner's request for postconviction relief has not been "finally resolved" by the courts of this State, and his petition is therefore unexhausted. *Lawrence*, 127 S. Ct. at 1083.

Accordingly, because petitioner has not exhausted any of the claims raised in this petition and is currently doing so in New York State court, the proper procedure for this Court is to dismiss the petition without prejudice to it being refiled after the petitioner has exhausted his state court remedies.[2] *See,* *e.g., Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) (holding that, where a habeas petition sets forth only unexhausted claims, the district court has no basis to retain jurisdiction while the petitioner pursues exhaustion in the state courts); *Ramos v. Superintendent of Clinton Corr. Facility*, No. 01 Civ. 8743 (LAP) (FM), 2002 WL 1226860, at *3 (S.D.N.Y. April 12, 2002) ("As the Second Circuit recently has indicated, if [the] petition contained any exhausted claims, the appropriate course of action would be to dismiss the unexhausted claims, stay the remainder of the petition, and direct [petitioner] to notify the Court within a short period after he has completed the exhaustion of his state court remedies. Here, however, [the] petition contains no exhausted claims. Accordingly, this Court has no basis to retain jurisdiction while [petitioner] pursues exhaustion."); *Channer v. Brooks*, No. 399 Civ. 2564 (CFD), 2001 WL 1094964 at *4 n.3 (D. Conn. Sept. 10, 2001) (dismissing habeas petition for failure to exhaust any claim in the petition). The principles of comity underlying the exhaustion requirement would be substantially undermined if petitioners were allowed to immediately run to federal court to file habeas petitions containing no exhausted claims, and then obtain a stay as they litigated those issues on direct appeal in the state (even though the AEDPA's statute of limitations are

---

[2] The Court notes that, in the event that petitioner's direct appeal proves unsuccessful in the Appellate Division and the New York State Court of Appeals, petitioner's conviction shall become final ninety days after the New York Court of Appeals issues a final decision, after which he may no longer file a petition for *certiorari* to the United States Supreme Court. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (stating that a judgment of conviction becomes final when the time to seek direct review in the United States Supreme Court expires). Under 28 U.S.C. § 2244(d)(1)(A), petitioner has one year from that date to file a federal habeas petition in this Court, excluding any time during which the limitations period is statutorily tolled under 28 U.S.C. § 2244(d)(2). *Day v. McDonough*, 126 S. Ct. 1675, 1679 (2006) ("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year limitations period for filing [habeas] petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (quoting 28 U.S.C. § 2244(d)(1)(A)).

not implicated at that juncture).[3] Therefore, the Court concludes that dismissal without prejudice, rather than a stay, is the appropriate course for allowing petitioner to exhaust his claims on direct appeal in New York State court. Furthermore, mindful of the same principles of comity, the Court declines to address the merits of the unexhausted claims asserted in the instant petition.

### III. CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED and the instant petition is DISMISSED without prejudice. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 5, 2007
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. The attorney for respondent is Thomas J. Spota, Esq., Suffolk County District Attorney, by Anne E. Oh, Esq., Suffolk County District Attorney's Office, 200 Centre Drive, Riverhead, New York 11901.

---

[3] The situation would be different, under *Zarvela v. Artuz*, 254 F.3d 374, 380-82 (2d Cir. 2001), and *Rhines v. Weber*, 544 U.S. 269, 273 (2005), if this were a "mixed" petition containing both exhausted and unexhausted claims, because staying the petition to allow exhaustion may be appropriate under such circumstances. However, here, no claims have been exhausted.